STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-782

WILLIE JACKSON

VERSUS

CITY OF WESTLAKE

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2000-4871
HONORABLE DAVID PAINTER, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Billie Colombaro Woodard, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

Woodard, J., concurs and assigns written reasons.

JUDGMENT VACATED; REMANDED.

J. B. Jones, III
Jones Law Firm
P. O. Drawer 1550
Cameron, LA 70631
(318) 775-5714
Counsel for Plaintiff/Appellant
        Willie Jackson

John Lee Van Norman, III
P. O. Box 1746
Lake Charles, LA 70602-1746
(337) 436-5787
Counsel for Defendant/Appellee
        City of Westlake

GREMILLION, Judge.

The plaintiff, Willie Jackson, appeals the ruling of the trial court denying his motion for a new trial. For the following reasons, we vacate the judgment of the trial court and remand the matter for further proceedings.

## FACTS

Jackson filed suit against the defendant, the City of Westlake, seeking damages as a result of various acts of racial discrimination he experienced while employed in Westlake's Water Department. After various motions were filed by Westlake, this matter proceeded to trial. On the day of the trial, Jackson failed to appear in court, although his counsel was present. Upon Westlake's motion for involuntary dismissal, the trial court dismissed Jackson's claim against it with prejudice. Jackson then filed a motion for a new trial arguing that he did not intentionally fail to appear for court, thus, his claim should not have been dismissed with prejudice. Following a hearing, the trial court denied Jackson's motion for a new trial. This appeal by Jackson followed.

## ISSUE

On appeal, Jackson argues that the trial court abused its discretion in denying his motion for a new trial since evidence was presented that his failure to appear for trial was inadvertent, rather than intentional.

## DISCUSSION

Although Jackson bases his argument on the trial court's denial of his motion for a new trial, we find that the trial court erred in granting Westlake's motion for an involuntary dismissal. Pursuant to La.Code Civ.P. art. 2164, an appellate court "shall render any judgment which is just, legal, and proper upon the record on appeal."

1

In this instance, we find that the trial court erred in granting Westlake's motion for an involuntary dismissal based on Jackson's failure to appear on the day of trial.

Louisiana Code of Civil Procedure Article 1672(A)(1) provides that "[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial." A party represented by counsel at a proceeding before the court is not considered absent. *See* La.Code Civ.P. art. 1672, comment (g); *Spencer v. Children's* Hosp., 432 So.2d 823 (La.1983); *Dickens v. Commercial Union Ins. Co.*, 99-698 (La.App. 1 Cir. 6/23/00), 762 So.2d 1193. A trial court's dismissal pursuant to La.Code Civ.P. art. 1672 is reviewed pursuant to the manifest error—clearly wrong standard. *Id.*

Westlake moved for an involuntary dismissal at the hearing based on Jackson's absence, and the trial court dismissed his claim with prejudice due to that absence. However, Jackson was not absent, since his appearance was made through his counsel. Moreover, the trial court failed to inquire as to his counsel's readiness to proceed with the hearing despite his absence. Accordingly, the trial court's grant of Westlake's motion for an involuntary dismissal pursuant to La.Code Civ.P. art. 1672(A)(1) was in error.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting an involuntary dismissal in favor of Westlake is vacated, and the matter is remanded for further proceedings. The costs of this appeal are assessed to the defendant-appellee, City of Westlake, in the amount of $345.50.

**JUDGMENT VACATED; REMANDED.**

2

NUMBER 03-782

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA


WILLIE JACKSON

     Plaintiff - Appellant


Versus


CITY OF WESTLAKE

     Defendant - Appellee


On appeal from the Fourteenth Judicial District Court [No. 2000-4871], for the Parish of Calcasieu, State of Louisiana; the Honorable David Painter, District Judge, presiding.


Woodard, J., concurring.


I respectfully concur in the majority's opinion.

However, I believe that La.Code Civ.P. art. 1972, which addresses the granting of a new trial, governs. Louisiana Code of Civil Procedure Article 1972 (1) provides that a court shall grant a new trial "when the verdict or judgment appears clearly contrary to the law and the evidence."

As I appreciate it, the majority's analysis finds that the judgment is clearly contrary to La.Code Civ.P. art. 1672, the law governing involuntary dismissal. Given that Mr. Jackson, through his counsel, did appear at trial, La.Code Civ.P. art. 1672 does not allow dismissal of his case. Accordingly, I find that La.Code Civ.P. art. 1972(1), rather than La.Code Civ.P. art. 2164, should govern our analysis. Thus, the trial court erred in refusing to grant Mr. Jackson a new trial.