STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

07-464


ROBIN WILLIAMS

VERSUS

DR. ROBERT MORROW


**********
APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 05-03928
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Jimmie C. Peters, Glenn B. Gremillion, and J. David Painter, Judges.

JUDGMENT VACATED; REMANDED.


George A. Flournoy
Flournoy, Doggett & Losavio
P. O. Box 1270
Alexandria, LA 71309-1270
(318) 487-9858
Counsel for Plaintiff/Appellant:
    Robin Williams

Stephen M. Morrow, Sr.
Morrow, Gates & Morrow
P. O.  Drawer 219
Opelousas, LA 70571-0219
(337) 942-6529
Counsel for Defendant/Appellee:
    Dr. Robert Morrow

GREMILLION, Judge.

The plaintiff, Robin Williams, appeals the judgment of the workers' compensation judge dismissing her claim with prejudice against the defendant, Dr. Robert Morrow, based on her failure to appear in court on the day of trial. We vacate and remand.

## FACTS

Williams suffered a work-related injury during the course of her employment with Boise Cascade Company. She was referred to Dr. Morrow by her attorney. As she was seeing him based on an attorney referral, Dr. Morrow demanded pre-payment of her treatment and was paid two checks in the amounts of $500 and $635. After Boise Cascade commenced paying her medical expenses, Williams requested that Dr. Morrow reimburse her the amounts she pre-paid. When he refused, she filed a disputed claim for compensation seeking reimbursement with the Office of Workers' Compensation. On the date of the trial, Williams' counsel appeared ready to proceed with the matter; Williams was not present. However, after the hearing commenced, the workers' compensation judge granted Dr. Morrow's motion to dismiss Williams' claims based on her failure to appear in court. A judgment was then rendered dismissing her claims with prejudice. This appeal by Williams followed.

## ISSUE

On appeal, Williams argues that the workers' compensation judge erred in granting an involuntary dismissal in favor of Dr. Morrow even though her counsel was present and ready to proceed with the trial.

**APPEARANCE THROUGH COUNSEL**

Louisiana Code of Civil Procedure Article 1672(A)(1) states, "A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice." However, Comment (g) indicates that the indirect source of Article 1672 contained language "referring to the failure of the plaintiff to appear 'either in person or by attorney,'" and notes that this language was deleted from the current article as its inclusion was thought unnecessary. Comment (g) further states, "Appearance by a party is always either personally or through his counsel of record." *See Spencer v. Children's Hosp.*, 432 So.2d 823 (La.1983); *Jackson v. City of Westlake*, 03-782 (La.App. 3 Cir. 12/10/03), 861 So.2d 771.

In reviewing this matter pursuant to the manifest error-clearly wrong standard, we find that the workers' compensation judge was manifestly erroneous in granting Dr. Morrow's motion for an involuntary dismissal of Williams' claims. Williams' counsel was present in court and was prepared to proceed with the matter. Because Williams made an appearance through counsel, Dr. Morrow was not entitled to have her claims dismissed with prejudice pursuant to Article 1672.

**CONCLUSION**

The judgment of the workers' compensation judge is vacated and the matter is remanded for further proceedings. Costs of this appeal are assessed to the defendant-appellee, Dr. Robert Morrow.

**JUDGMENT VACATED; REMANDED.**

2